**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Samantha McLaughlin

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA MCLAUGHLIN,<br><br>                    Plaintiff,<br><br>vs.<br><br>SOUTHWEST RECOVERY SERVICES, LLC,<br><br>                    Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///
///
///
///

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff SAMANTHA MCLAUGHLIN ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of SOUTHWEST RECOVERY SERVICES, LLC ("Defendant") with regard to attempts by Defendant to unlawfully, fraudulently, and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) and this Court has supplemental jurisdiction over related state law and common law claims asserted herein pursuant to 28 U.S.C. § 1367.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA").

12. Because Defendant conducts business within the State of California, personal

jurisdiction is established.

13. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant is also located within this judicial district and conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the Lake County in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant is, and at all times mentioned herein was, a Texas corporation whose headquarters is located at 16200 Addison Road, Suite 260, Addison, TX 75001. Plaintiff further alleges, at all times relevant herein, Defendant conducted business in the State of California and in the Lake County and within this judicial district.

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

//

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the County of Lake in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Sometime before March 2021, Plaintiff allegedly incurred financial obligations to an original creditor, Toyota Financial Services, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Afterwards, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

22. Beginning in or around March 2021, Defendant began contacting Plaintiff on Plaintiff's cellular telephone number in attempts to collect upon the alleged debt.

23. On one such occasion, on March 15, 2021, Defendant initiated a call or caused a call to be initiated to Plaintiff's cellular telephone number at 7:29 a.m. in attempt to collect upon the alleged debt.

24. Subsequently again, the same day, Defendant made another call to Plaintiff's cellular telephone number at 7:40 a.m. in attempt to collect upon the alleged debt.

25. Plaintiff was awakened, disturbed, and annoyed by these calls from Defendant at such an early hour.

26. These calls to Plaintiff constituted "debt collection" as that term is defined by California Civil Code § 1788.2(b)

27. Through the above conduct, Defendant initiated at least one (1) telephonic communication to Plaintiff's cellular telephone prior to 8:00 a.m. at a time

known to be unusual or inconvenient to a consumer. Through this conduct Defendant violated 15 U.S.C. § 1692c(a)(2). This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Therefore, Defendant also violated Cal. Civ. Code § 1788.17.

28. In addition to the above calls, Defendant called Plaintiff's daughter in attempt to collect upon the alleged debt and left several messages on her phone.

29. Through the above debt collection activities, Defendant has engaged in conduct the natural consequence of which s to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Therefore, Defendant also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

31. Through all the above-mentioned conduct, Defendant engaged in debt collection activity against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant has violated 15 U.S.C. §§ 1692, et seq. and Cal. Civ. Code §§ 1788, et seq.

32. As a result of Defendant's willful unfair, oppressive, and abusive conduct described above in connection with Defendant's debt collection activity, Plaintiff suffers and continues to suffer actual damages. Plaintiff has suffered mental anguish by way of stress, frustration, anxiousness, annoyance, embarrassment, as well as inconvenience and intrusion of privacy a result of Defendant's above-mentioned conduct in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA").

//

# CAUSES OF ACTION

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788, ET SEQ. (RFDCPA)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

38. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

//
//
//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment including the following be entered against Defendant:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- any and all other relief that this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

39. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 29, 2021

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/Mona Amini*
MONA AMINI, ESQ.
*Attorney for Plaintiff*